# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **G.M. and S.M.**

**No. 22-0233** (Braxton County 20-JA-48 and 20-JA-49)

## MEMORANDUM DECISION

Petitioner Custodian K.B., by counsel Andrew C. Shaffer, appeals the Circuit Court of Braxton County's February 28, 2022, order terminating her custodial rights to G.M. and S.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Katica Ribel, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Elizabeth Snead, filed a response on behalf of the children also in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2020, the DHHR filed a child abuse and neglect petition against the children's father and petitioner, the father's live-in girlfriend, based upon allegations of physical abuse against G.M.[2] Following an investigation, the DHHR filed an amended petition raising allegations that petitioner and the father failed to seek medical treatment for S.M.'s dislocated hip and/or hip dysplasia and that the father had previously been arrested and charged criminally for hitting the children with a piece of wood, although the charges were later dismissed.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]The father is the biological father of S.M. and the legal guardian of G.M. Petitioner has no biological relationship with the children but was their daily caretaker in the home.

1

In April of 2021, the circuit court held an adjudicatory hearing. The DHHR presented the testimony of several witnesses who testified to G.M.'s injuries, the allegations of physical abuse, and S.M.'s untreated medical issues. The DHHR also introduced photographs of the marks on G.M.'s face and medical records regarding S.M.'s diagnosis of hip dysplasia. Petitioner testified that she slapped G.M. but denied leaving marks on the child and claimed that physical punishment was rarely implemented in the home, although she admitted to slapping the child on prior occasions for cursing. Petitioner also stated that she and the father maintained regular appointments for S.M. regarding her hip condition.

The circuit court adjudicated the children as abused and neglected children and found that petitioner engaged in "inappropriate abusive actions." The circuit court further found that the father failed to protect the children from petitioner's actions and also inflicted physical pain on G.M. The circuit court noted that the evidence established that "this was not an isolated incident of physical abuse and over the past two (2) years school personnel have witnessed physical evidence of abuse on the child [G.M.]" Lastly, the circuit court found that petitioner failed to rebut the DHHR's evidence of medical neglect of S.M. and failed to produce any documentation of the child's medical care. The guardian subsequently requested that petitioner and the father submit to psychological evaluations, and the circuit court ordered the same.

The circuit court held two dispositional hearings in August and September of 2021. The circuit court heard the testimony of Barbara Nelson, a licensed psychologist who performed petitioner's psychological evaluation; two Child Protective Services ("CPS") workers; and petitioner. By order entered on February 28, 2022, the circuit court found that petitioner failed to prove that she would substantially comply with the terms and conditions of an improvement period. The court also found that petitioner failed to take any responsibility for her actions and minimized her actions by blaming her physical abuse of the children on their behavior. The court found that, during her testimony at the dispositional hearing, petitioner acknowledged that she should not have hit G.M., but failed to express remorse for her actions. The circuit court acknowledged that petitioner was compliant with services but noted that Ms. Nelson testified there were no services that could correct petitioner's lack of bond with the children. Indeed, petitioner admitted to a lack of bond and showed no affection towards the children during her visits with them. The court further found that petitioner was not motivated to change and could not achieve minimally adequate parenting in the foreseeable future which, when coupled with her nonexistent bond with the children, left the court firmly convinced that there was no reasonable likelihood that petitioner would correct the conditions of abuse and neglect in the foreseeable future and that there were no less restrictive alternatives to the termination of petitioner's rights to the children. Petitioner appeals the circuit court's February 28, 2022, dispositional order terminating her custodial rights to the children.[3]

The Court has previously established the following standard of review in cases such as this:

---

[3]The father's parental rights were terminated during the proceedings below. The mother's custodial rights were terminated in 2017. The permanency plan for the children is adoption, and the DHHR is currently assessing several foster families who are interested in placement of the children.

2

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner raises several assignments of error surrounding the termination of her custodial rights. First, petitioner argues that the circuit court erred in terminating her custodial rights without considering less restrictive alternative dispositions, such as an improvement period. Petitioner argues that contrary to the court's findings, she accepted responsibility for her actions, participated in services, and maintained employment. As such, petitioner claims that the circuit court erred in terminating her custodial rights without granting her a less restrictive alternative, such as an improvement period, when she demonstrated a willingness to participate in services and remedy the conditions of abuse and neglect. Second, petitioner argues that the circuit court erred in terminating her custodial rights when the conditions of abuse and neglect were correctable. Petitioner attacks Ms. Nelson's report and testimony and argues that she acknowledged the wrongfulness of her actions, was complying with all services, and took steps to complete the recommendations made by Ms. Nelson. Accordingly, petitioner maintains that her custodial rights should not have been terminated. Lastly, petitioner argues that the circuit court erred in terminating her custodial rights based upon allegations of abuse and neglect for which she was not adjudicated. Specifically, petitioner contests the circuit court's consideration of S.M.'s medical neglect at disposition when the circuit court made no specific findings of medical neglect at adjudication. Petitioner also argues that the circuit court cannot hold her desire to have a contested adjudication against her when considering disposition. Having reviewed the record in this matter, we find that petitioner is entitled to no relief.

West Virginia Code § 49-4-604(c)(6) provides that circuit courts are to terminate parental, custodial, and guardianship rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(d) provides that a circuit court may find that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when the abusing parent has "demonstrated an inadequate capacity to solve the problems of abuse or neglect on [his or her] own or with help."

Here, we find that petitioner demonstrated an inadequate capacity to solve the problems of abuse and neglect on her own or with help. Although petitioner complied with services, visited with the children, and maintained employment throughout the proceedings, compliance with

services does not always equate to remedying the conditions of abuse and neglect. *See* Syl. Pt. 4, *In re B.H.*, 233 W. Va. 57, 754 S.E.2d 743 (2014) ("In making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child."). While petitioner was not granted an improvement period, she was granted services, and the circuit court determined that her compliance with the services was not sufficient to warrant returning the children to her care. Specifically, the circuit court found that petitioner did not have a bond with the children. Below, Ms. Nelson's testimony and report specified that, although petitioner complied with services, there were no services that could assist her in remedying her lack of bond as petitioner first had to desire to create and foster such a bond and petitioner clearly exhibited no desire to do so. Ms. Nelson also questioned the sincerity of petitioner's motivation for seeking treatment and participating in the case and, ultimately, gave petitioner an extremely poor prognosis for attaining minimally adequate parenting, which the circuit court considered in rendering disposition. The circuit court also found that petitioner failed to accept responsibility for her actions. While petitioner contests this finding and Ms. Nelson's testimony, the circuit court heard both petitioner's and Ms. Nelson's testimony at disposition and assessed the weight of their testimony accordingly. We decline to disturb the credibility determinations made by the circuit court. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). This Court has previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). This abovementioned evidence is sufficient to support a finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare.

While petitioner argues that the circuit court could have employed a less restrictive alternative to the termination of her custodial rights, such as an improvement period, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Given the foregoing, we find no error in the circuit court's decision to terminate petitioner's custodial rights to the children.

To the extent petitioner claims her custodial rights were terminated based upon allegations for which she was not adjudicated, we find no error. The DHHR presented ample evidence of S.M.'s hip dysplasia and petitioner's failure to seek treatment for the child, despite prompting from the child's principal on multiple occasions. In response, petitioner provided only her testimony that she took the child for medical treatment. Ultimately, the circuit court found that petitioner failed to rebut the DHHR's evidence of medical neglect and failed to provide any evidence to support her claims that she took S.M. to medical appointments for her hip condition. Accordingly, we find that petitioner's argument is without merit as the circuit court clearly made findings regarding the child's medical neglect such that petitioner was on notice that the same would be considered at disposition. Petitioner is entitled to no relief in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 28, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn